**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**VIRGINIA W. SCOTT**                                                                              **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO. 2:05CV2159-KS-JMR**

**MISSISSIPPI DEPARTMENT**
**OF CORRECTIONS**                                                                           **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#2]** filed on behalf of the defendant, the Mississippi Department of Corrections ("MDOC").  The court, having reviewed the motion, the pleadings and exhibits on file, the authorities cited and being advised that the plaintiff has failed to respond, finds that the motion should be granted as follows;

The plaintiff, Virginia Scott, has filed this action for compensatory damages, reinstatement and other relief alleging that the MDOC violated her rights under the Fourteenth Amendment to the federal constitution and unspecified provisions of the Mississippi constitution.  The plaintiff was terminated from her employment with the MDOC for selling illegal copies of the "Passion of the Christ" at work to other employees.  According to the complaint, "[a]ll of Plaintiff's causes of actions are asserted procedurally under 42 U.S.C. § 1983."  No causes of action are asserted under Title VII of the Civil Rights Act even though she filed an EEOC Complaint and received a Right to Sue letter.

A Rule 12(b)(1) motion attacks the Court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the

pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981).

It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts. If, however, the Court limits its review to the face of the pleadings, the safeguards under Rule 12(b)(6) apply. Dismissal pursuant to Rule 12(b)(6) is appropriate if a party fails to state a claim under which relief can be granted. The allegations of the complaint must be accepted as true when the court considers whether the plaintiff has stated a cause of action. *See Cramer v. Skinner*, 931 F. 2d 1020 (5th Cir. 1991); cert. denied, 60 U.S.L.W. 3057, 112 S. Ct. 298, 116 L. Ed. 2d 242 (1991). Only the complaint and allegations contained therein are to be considered in reaching a decision on a defendant Rule 12(b)(6) motion to dismiss. The complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of his or her claims which would entitle him or her to relief.

The defendant has moved to dismiss on the basis that the complaint fails to state a claim under Section 1983 because the MDOC is not a "person" within the meaning of that statute. Section 1983 provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, the defendant correctly argues that in order to maintain an action pursuant to § 1983, a plaintiff must allege that a person acting under color of state law deprived

2

her of a right secured by the Constitution or other law of the United States.

The MDOC is an agency of the State of Mississippi as created by the statutes thereof and neither states nor officials of the state sued in their official capacity are amenable to suit under 42 U.S.C. § 1983 because they are not considered "persons" within the meaning of the statute. "We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Further, even though the defendant has not argued it, there is another reason that the plaintiff cannot prevail on her § 1983 claim against the MDOC. "The Eleventh Amendment prohibits the citizens from bringing suit against the state unless the state waives its immunity." *Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996)(*quoting Ex Parte Young*, 209 U.S. 123, 149, 28 S. Ct. 441, 449-50, 52 L. Ed. 714, 725 (1908)). The Eleventh Amendment to the United States Constitution provides;

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

While the language of the Amendment does not specifically address suits against the State by its own citizens, the Supreme Court has "consistently held that an unconsenting State is immune from suits brought in federal courts by her

own citizens as well as citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

> In fact, the *Will* Court stated that
>
> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity, (citation omitted), or unless Congress has exercised its undoubted power under §5 of the Fourteenth Amendment to override that immunity.

491 U.S. at 66. The United States Congress has never acted to abrogate sovereign immunity for purposes of § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338-40, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).

The defendant has also moved to dismiss the plaintiff's purported Mississippi Constitutional claims which would invoke the supplemental jurisdiction of the court. Supplemental jurisdiction under 28 U.S.C. § 1367 is a codification of the ancillary and pendent jurisdiction doctrines. Section 1367(a) provides:

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . .

It is discretionary with the court to entertain supplemental jurisdiction of state law claims, especially where the federal claims are dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218, 228 (1966). In any event, the Mississippi Tort Claims Act ("MTCA"), codified at Miss. Code Ann. §§ 11-46-1 *et*

*seq.*, is the exclusive remedy against a governmental entity or its employees for any state-law civil action seeking damages.  *See* Miss. Code Ann. § 11-46-7(1).  The MTCA requires an aggrieved person to file a notice of claim with the chief executive officer of the governmental entity ninety (90) days prior to the institution of any legal action.  Miss. Code Ann. § 11-46-11(1).  Filing a valid notice of claim is a "jurisdictional prerequisite" to the maintenance of the plaintiff's state law claims against a state defendant.  *Simpson v. City of Pickens*, 887 F.Supp. 126, 130 (S.D. Miss.1995).  No notice of claim has been filed and, accordingly, the complaint contains no averment establishing that this jurisdictional prerequisite has been satisfied and therefore these claims should be dismissed without prejudice.

  IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#2]** is Granted and the 28 U.S.C. § 1983 claims are dismissed with prejudice and all state law claims are dismissed without prejudice.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

  SO ORDERED AND ADJUDGED this the 12th day of June, 2006.


        s/ *Keith Starrett*
        UNITED STATES DISTRICT JUDGE